UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

January 17, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Tracey M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-0967-BAH

Dear Counsel:

On April 20, 2022, Plaintiff Tracey M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 8, and the parties' cross-motions for summary judgment, ECFs 9 and 16.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits in May 2019, alleging a disability onset of February 2, 2018. Tr. 286–303. Plaintiff's claims were denied initially and on reconsideration. Tr. 154–61, 169–75. On April 9, 2021, an Administrative Law Judge ("ALJ") held a hearing, Tr. 34–69, as well as a supplemental hearing on August 21, 2021, Tr. 70–95. Following the hearing, on September 29, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 9–33. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also*

---

[1] The Court acknowledges Standing Order 2022-04 amending the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Because the motions in this case were filed prior to the effective date of the Standing Order, the Court will refer to them as motions for summary judgment.

[2] 42 U.S.C. §§ 301 et seq.

20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 2, 2018, the alleged onset date." Tr. 15. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "history of obesity; fibromyalgia; peripheral neuropathy; plantar fasciitis; major depressive disorder; generalized anxiety disorder; and Post-Traumatic Stress Disorder ('PTSD')." Tr. 15. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "migraine headaches, mild carpal tunnel syndrome, degenerative disc disease ('DDD') of the lumbar and cervical spine, gastroesophageal reflux disease ('GERD'), right-side sciatica, and gluten intolerance." Tr. 15. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: occasional ramps/stairs; no ladders/ropes/scaffolds; occasional balance, stoop, kneel, crouch or crawl; frequently handle/finger/feel bilaterally; occasional concentrated exposure to extreme temperatures, to vibration to humidity and to hazards such as moving machinery and unprotected heights; no production pace work (work where duties are performed side by side with other employees where productivity of one affects the productivity of another, such as assembly line work); and no work with strict hourly quotas.

Tr. 20. The ALJ determined that Plaintiff was not able to perform past relevant work as a bar tender (DOT[3] 312.474-010) or a receptionist (DOT 237.367-038) but could perform other jobs

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical

that existed in significant numbers in the national economy. Tr. 25–27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.""). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises one overarching argument on appeal: that the ALJ's RFC failed to reflect all of Plaintiff's "substantiated limitations." ECF 9-1, at 13–15. Specifically, Plaintiff argues that "the ALJ's RFC does not adequately represent all of [Plaintiff's] physical and mental impairments," relying in large part on the medical opinions of Dr. Vincent Cantone, and Ms. Katie Smith, CRNP. *Id.* at 14. Defendant counters that the ALJ's opinion is supported by substantial evidence because the ALJ "comprehensively explained" how the RFC adequately accounted for Plaintiff's physical and mental impairments and why the medical opinions of Dr. Capone and Ms. Smith were unpersuasive. ECF 16-1, at 6–9.

"'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th

---

and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636. In *Mascio*, the Fourth Circuit held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)). "While there is no requirement that each impairment correlate with the particular restrictions in the RFC, the ALJ's findings of Plaintiff's limitations must be supported by substantial evidence." *Larry J. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3252; 2021 WL 4170250, at *2 (D. Md. Sept. 14, 2021) (citing *Carrier v. Astrue*, No. SAG-10-3264, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013)).

Plaintiff points to numerous pieces of evidence shedding light on Plaintiff's "complaints of pain all over, especially in her lower back that radiates into her bilateral legs; numbness and tingling in her hands, feet, face, jaw and legs; and migraine headaches," as well as her "multiple tender points in her upper back, mid back, lower back, arms and legs." ECF 9-1, at 14. As noted, the ALJ found Plaintiff's fibromyalgia and peripheral neuropathy to be severe impairments, and her migraine headaches, mild carpal tunnel syndrome, DDD of the lumbar and cervical spine, GERD, and right-side sciatica to be non-severe impairments. Tr. 15. The ALJ added limitations in the RFC to address these impairments, including limiting Plaintiff to sedentary work with a number of exertional limitations. Tr. 20. Plaintiff asserts that "a more appropriate RFC is one that limits [Plaintiff] to less than sedentary work, includes more restrictive manipulative limitations, a sit/stand option and accounts for unscheduled breaks." ECF 9-1, at 14. Yet, it is clear from the opinion that the ALJ evaluated the relevant evidence in the record addressing Plaintiff's pain, including the same medical records Plaintiff cites in support of the argument that the ALJ should have reached a different conclusion. For example, the ALJ expressly acknowledged that "[t]he records show findings of multiple areas of tenderness and fatigue," "numbness in her legs and feet[,] and uncontrolled fibromyalgia." Tr. 21–22. Nevertheless, the ALJ concluded, based on other evidence in the record, that Plaintiff's "alleged limited functioning is not supported by the evidence." Tr. 21. Accordingly, Plaintiff's argument amounts to a request to reweigh the evidence.

"This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fisk v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoiting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, I find that the ALJ's analysis regarding Plaintiff's physical limitations is supported by substantial evidence.

Regarding her mental impairments, Plaintiff contends that the ALJ's "fail[ure] to include non-exertional limitations, including an off-task limitation, in the RFC undermines the basis for

*Tracey M. v. Kijakazi*
Civil No. 22-0967-BAH
January 17, 2023
Page 5

an ALJ's denial." ECF 9-1, at 15. In support of this argument, Plaintiff points the Court to the medical source statements of Ms. Smith and Dr. Cantone, which "indicate that [Plaintiff] will be off task more than 15 percent during an eight-hour workday and absent more than two days per month." *Id.* Plaintiff does not challenge the ALJ's compliance with the relevant regulations and caselaw in evaluating these medical opinions. Rather, Plaintiff's contention is ultimately a request to re-weigh the evidence, so Plaintiff's second argument fails for the same reason as the first.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Here, the ALJ provided substantial evidence to support the conclusions in the RFC, and, thus, I must uphold it.

### V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 9, is DENIED and Defendant's motion for summary judgment, ECF 16, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge